UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DANIELLE DONOHUE and | ) | |
| LINCOLNSHOUSE, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-10713-LTS |
| | ) | |
| CITY OF METHUEN and | ) | |
| JOHN P. GIBNEY, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT (DOC. NO. 46)

May 17, 2019

SOROKIN, J.

On April 12, 2019, plaintiffs Danielle Donohue and Lincolnshouse, LLC

("Lincolnshouse") moved to amend their complaint against defendants City of Methuen ("the

City") and John. P. Gibney. Doc. No. 46. The plaintiffs' proposed second amended complaint

adds a new count of negligence against both defendants, seeking money damages. Doc. No. 46-1

at 10–11. The defendants opposed. Doc. No. 50.

Rule 15 "instructs courts to freely give leave to amend" pleadings in the absence of a

reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc." Klunder v. Brown

Univ., 778 F.3d 24, 34 (1st Cir. 2015) (citations and internal quotations omitted). Before

discovery ends, futility "is gauged by reference to the liberal criteria of Federal Rule of Civil

Procedure 12(b)(6), and "amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory." Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001).

The amendment of the negligence claim proposed by the second amended complaint is futile because Massachusetts law shields both Gibney and the City from liability for the negligence as alleged in the complaint. The factual basis of plaintiffs' proposed negligence claim is that the City, through its employee Gibney, enforced the local zoning ordinance, the state Building Code, and the state Sanitary Code without reference to the Massachusetts Zoning Act, Mass. Gen. Laws ch. 40A, § 3. See Doc. No. 37 at 6–7 (discussing the Zoning Act's preemption of certain applications of health or safety laws). Plaintiffs argue that this wrongful enforcement negligently breached defendants' duty "to enforce the building and zoning laws in accordance with their terms." Doc. No. 46-1 at 10.

However, the Massachusetts Tort Claims Act identifies certain categories of claims within which a claimant cannot recover against a public employer, of which two are relevant here:

> (a) any claim based upon an act or omission of a public employee when such employee is exercising due care in the execution of any statute or any regulation of a public employer, or any municipal ordinance or by-law, whether or not such statute, regulation, ordinance or by-law is valid;

> (b) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused . . .

Mass. Gen. Laws ch. 258, § 10. Gibney's alleged conduct, upon which the claims against both him and the City are based, falls into both categories. The complaint does not allege that Gibney failed to exercise due care in his enforcement of the various laws he intended to enforce, and the

statute specifies that liability for the execution of any law is precluded regardless of the ultimate validity of the law being executed. In other words, Gibney and the City cannot be held liable for negligence simply because their position on the application of the Building Code and other laws was eventually held invalid. Further, given that Gibney's enforcement decisions are essentially an exercise of prosecutorial discretion, his decisions in code enforcement also fall within the discretionary function exception. Accordingly, the proposed negligence count fails to state a claim and is therefore futile.[1]

For the foregoing reasons, plaintiffs' motion for leave to file a second amended complaint, Doc. No. 46, is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] The claim is also futile as to Gibney himself because he performed his alleged actions in his official capacity as an employee of the City, a category of actions also exempted from liability. See Mass. Gen. Laws ch. 258, § 2.